DUANE MORRIS LLP
By:  Sarah Fehm Stewart, Esq.
200 Campus Drive, Suite 300
Florham Park, New Jersey 07932
Tel: (973) 424-2061
Fax: (973) 556-1464
Email: sfstewart@duanemorris.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OPUS GENETICS, INC. and FAMYGEN LIFE SCIENCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., <br><br> Defendant. | Civil Action No. 3:25-cv-1895 <br><br> *Document Electronically Filed* |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiffs Opus Genetics, Inc. and FamyGen Life Sciences, Inc. (collectively, "Plaintiffs")

by way of Complaint against Defendant Sandoz Inc. ("Sandoz" or "Defendant") allege as follows:

## <u>NATURE OF THE ACTION</u>

1.      This is an action for patent infringement under the patent laws of the United States,

35 U.S.C. § 100, *et seq*., including 35 U.S.C. §§ 271 and 281, and for declaratory judgment of

infringement under 28 U.S.C. §§ 2201 and 2202, arising from Sandoz's submission of Abbreviated

New Drug Application ("ANDA") No. 219888 ("Sandoz's ANDA") to the United States Food and

Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to

sell, and/or sell generic versions of Plaintiffs' RYZUMVI™ (phentolamine ophthalmic solution,

0.75%) drug product prior to the expiration of United States Patent Nos. 9,795,560 ("the

'560 patent"), 10,278,918 ("the '918 patent"), 10,772,829 ("the '829 patent"), 11,090,261 ("the '261 patent"), 11,844,858 ("the '858 patent"), 11,400,077 ("the '077 patent"), 12,201,615 ("the '615 patent"), and 12,201,616 ("the '616 patent") (collectively, the "patents-in-suit").

## THE PARTIES

2.    Plaintiff FamyGen Life Sciences, Inc. ("FamyGen") is a corporation organized and existing under the laws of Nevada with a registered agent at 401 Ryland Street, Suite 200, Reno, Nevada 89502.  FamyGen is the registered holder of approved New Drug Application ("NDA") No. 217064 for RYZUMVI™ and the exclusive licensee of the patents-in-suit with a right to enforce.

3.    Plaintiff Opus Genetics, Inc. ("Opus") is a corporation organized and existing under the laws of Delaware with a place of business at 8 Davis Drive, Suite 220, Durham, North Carolina 27709.  Opus is the assignee of the patents-in-suit.

4.    Upon information and belief, Defendant Sandoz is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 100 College Road West, Princeton, New Jersey 08540.  Upon information and belief, Sandoz is in the business of, among other things, importing, manufacturing, and selling generic versions of branded pharmaceutical products in and for the U.S. market.

5.    Upon information and belief, Sandoz is a generic pharmaceutical company that by itself and through its subsidiaries, affiliates, and agents, develops, manufactures, markets and distributes generic pharmaceutical products for sale in the State of New Jersey and throughout the United States.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

7.      There is an actual, substantial, justiciable, and continuing controversy between Plaintiffs and Defendant having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding infringement of the patents-in-suit.

8.      This Court has personal jurisdiction over Sandoz.  Upon information and belief, Sandoz is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products.  Upon information and belief, Sandoz directly or indirectly manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for its proposed generic RYZUMVI™ drug product ("Sandoz's ANDA Product").  Upon information and belief, Sandoz is a corporation with a principal place of business in New Jersey.  Upon information and belief, Sandoz purposefully has conducted and continues to conduct business in this judicial district and has continuous and systematic contacts with the State of New Jersey.

9.      Upon information and belief, Sandoz knows and intends that upon approval of Sandoz's ANDA, Sandoz will manufacture Sandoz's ANDA Product and Sandoz will directly or indirectly market, sell, and distribute Sandoz's ANDA Product throughout the United States, including in this judicial district.

10.     Upon information and belief, Sandoz is registered to do business in the State of New Jersey under Entity Identification Number 0100097265 and is registered with the New Jersey Department of Health as a drug manufacturer and wholesaler under Registration Number 5003732.

11.     Sandoz has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings and has filed counterclaims in such cases.  *See, e.g.*, *AstraZeneca Pharms. LP et al. v. Sandoz Inc.*, Civil Action No. 24-00641, ECF No. 14 (D.N.J. Apr. 5, 2024); *Amgen Inc. v. Sandoz Inc.*, Civil Action No. 18-11026, ECF No. 18 (D.N.J. Sept. 25,

2018); *Allergan Sales, LLC v. Sandoz, Inc.*, Civil Action No. 17-10129, ECF No. 18 (D.N.J. Dec. 19, 2017); *Boehringer Ingelheim Pharms., Inc. v. Sandoz, Inc.*, Civil Action No. 17-08825, ECF No. 14 (D.N.J. Jan. 23, 2018); *Mitsubishi Tanabe Pharma Corp. v. MSN Lab'ys Priv. Ltd.*, Civil Action No. 17-05302, ECF No. 28 (D.N.J. Nov. 17, 2017). Sandoz has purposefully availed itself of the rights and benefits of this Court by asserting such counterclaims in this Court.

12.     Upon information and belief, Sandoz has a regular and established place of business at 100 College Road West, Princeton, New Jersey 08540 and has committed an act of infringement in this judicial district, where a substantial part of the events and injury giving rise to Plaintiffs' claims has and continues to occur, including the filing and submission of Sandoz's ANDA with the FDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Sandoz's ANDA Product in the United States, including New Jersey.

13.     For at least the foregoing reasons, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400(b).

## THE NDA

14.     Plaintiff FamyGen is the holder of NDA No. 217064 for RYZUMVI™ (phentolamine ophthalmic solution, 0.75%). RYZUMVI™ (phentolamine ophthalmic solution) 0.75% is a sterile solution for topical ophthalmic use containing 1% phentolamine mesylate (equivalent to 0.75% phentolamine).

15.     The FDA approved NDA No. 217064 on September 25, 2023. RYZUMVI™ is indicated for the treatment of pharmacologically-induced mydriasis produced by adrenergic agonists (e.g., phenylephrine) or parasympatholytic (e.g. tropicamide) agents.

## THE PATENTS-IN-SUIT

16.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to NDA No. 217064 for RYZUMVI™.

17.     On October 24, 2017, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '560 patent, titled "Aqueous Ophthalmic Solutions of Phentolamine and Medical Uses Thereof." A true and correct copy of the '560 patent is attached as Exhibit A. The claims of the '560 patent are valid and enforceable.

18.     Plaintiff Opus is the assignee of the '560 patent through assignment as recorded by the USPTO at Reel 069793, Frame 0460.

19.     Plaintiff FamyGen is the exclusive licensee of the '560 patent.

20.     On May 7, 2019, the USPTO duly and lawfully issued the '918 patent, titled "Aqueous Ophthalmic Solutions of Phentolamine and Medical Uses Thereof." A true and correct copy of the '918 patent is attached as Exhibit B. The claims of the '918 patent are valid and enforceable.

21.     Plaintiff Opus is the assignee of the '918 patent through assignment as recorded by the USPTO at Reel 069793, Frame 0460.

22.     Plaintiff FamyGen is the exclusive licensee of the '918 patent.

23.     On September 15, 2020, the USPTO duly and lawfully issued the '829 patent, titled "Aqueous Ophthalmic Solutions of Phentolamine and Medical Uses Thereof." A true and correct copy of the '829 patent is attached as Exhibit C. The claims of the '829 patent are valid and enforceable.

24.     Plaintiff Opus is the assignee of the '829 patent through assignment as recorded by the USPTO at Reel 069793, Frame 0460.

25.     Plaintiff FamyGen is the exclusive licensee of the '829 patent.

26.     On August 17, 2021, the USPTO duly and lawfully issued the '261 patent, titled "Aqueous Ophthalmic Solutions of Phentolamine and Medical Uses Thereof."  A true and correct copy of the '261 patent is attached as Exhibit D.  The claims of the '261 patent are valid and enforceable.

27.     Plaintiff Opus is the assignee of the '261 patent through assignment as recorded by the USPTO at Reel 069793, Frame 0460.

28.     Plaintiff FamyGen is the exclusive licensee of the '261 patent.

29.     On August 2, 2022, the USPTO duly and lawfully issued the '077 patent, titled "Methods and Compositions for Treatment of Presbyopia, Mydriasis, and Other Ocular Disorders."  A true and correct copy of the '077 patent is attached as Exhibit E.  The claims of the '077 patent are valid and enforceable.

30.     Plaintiff Opus is the assignee of the '077 patent through assignment as recorded by the USPTO at Reel 069793, Frame 0460.

31.     Plaintiff FamyGen is the exclusive licensee of the '077 patent.

32.     On December 19, 2023, the USPTO duly and lawfully issued the '858 patent, titled "Aqueous Ophthalmic Solutions of Phentolamine and Medical Uses Thereof."  A true and correct copy of the '858 patent is attached as Exhibit F.  The claims of the '858 patent are valid and enforceable.

33.     Plaintiff Opus is the assignee of the '858 patent through assignment as recorded by the USPTO at Reel 069793, Frame 0460.

- 6 -

34.     Plaintiff FamyGen is the exclusive licensee of the '858 patent.

35.     On January 21, 2025, the USPTO duly and lawfully issued the '615 patent, titled "Methods and Compositions for Treatment of Mydriasis."  A true and correct copy of the '615 patent is attached as Exhibit G.  The claims of the '615 patent are valid and enforceable.

36.     Plaintiff Opus is the assignee of the '615 patent through assignment as recorded by the USPTO at Reel 069291, Frame 0350.

37.     Plaintiff FamyGen is the exclusive licensee of the '615 patent.

38.     On January 21, 2025, the USPTO duly and lawfully issued the '616 patent, titled "Methods and Compositions for Treatment of Mydriasis."  A true and correct copy of the '616 patent is attached as Exhibit H.  The claims of the '616 patent are valid and enforceable.

39.     Plaintiff Opus is the assignee of the '616 patent through assignment as recorded by the USPTO at Reel 069291, Frame 0350.

40.     Plaintiff FamyGen is the exclusive licensee of the '616 patent.

## SANDOZ'S INFRINGING ANDA SUBMISSION

41.     Upon information and belief, Sandoz filed or caused to be filed with the FDA ANDA No. 219888, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

42.     Upon information and belief, Sandoz's ANDA No. 219888 seeks FDA approval to engage in commercial manufacture, use, and sale in the United States of Sandoz's ANDA Product, intended to be a generic version of RYZUMVI™.

43.     On or about February 3, 2025, Plaintiff Opus received a letter from Sandoz dated January 31, 2025, purporting to be a Notice of Paragraph IV Certification regarding ANDA No. 219888 ("Sandoz's First Notice Letter") under Section 505(j)(2)(B)(iv) of the Act and 21 C.F.R. § 314.95.  Sandoz's First Notice Letter was addressed to only Opus Genetics, Inc. and Dechert LLP.

44.     On or about March 3, 2025, Plaintiff FamyGen received a letter from Sandoz dated February 27, 2025, purporting to be a Notice of Paragraph IV Certification regarding ANDA No. 219888 ("Sandoz's Second Notice Letter").  Pursuant to 21 C.F.R. 314.107(b)(3)(A) the regulatory 30-month stay is calculated from the date upon which Plaintiff FamyGen received notice.

45.     Sandoz's First Notice Letter and Sandoz's Second Notice Letter (together, "Sandoz's Notice Letters") allege that Sandoz has submitted to the FDA ANDA No. 219888, seeking approval to engage in the commercial manufacture, use and/or sale of Sandoz's ANDA Product, intended to be a generic version of RYZUMVI™.

46.     Sandoz's Notice Letters state that Sandoz's ANDA No. 219888 contains the "required bioavailability or bioequivalence data or information."

47.     Sandoz's Notice Letters contained an offer of confidential access.  Under 21 U.S.C. § 355(j)(5)(c)(i)(III), an "offer of confidential access shall contain such restrictions . . . on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."  Plaintiffs attempted to negotiate with Sandoz to obtain relevant information from Sandoz's ANDA and offered modifications to Sandoz's offer of confidential access that are consistent with 21 U.S.C. § 355(j)(5)(c)(i)(III) but were unsuccessful.

48.     Upon information and belief, including based on requirements of the FDA, ANDA No. 219888 seeks approval of Sandoz's ANDA Product that is the same, or substantially the same, as RYZUMVI™.  Upon information and belief, including based on requirements of the FDA, ANDA No. 219888 seeks approval of Sandoz's ANDA Product that has a label and indications that are the same, or substantially the same, as RYZUMVI™.

49.     Plaintiffs commenced this action within 45 days of Plaintiffs receiving Sandoz's Notice Letters.

## COUNT I FOR PATENT INFRINGEMENT

### Infringement of the '560 Patent Under 35 U.S.C. § 271(e)(2)

50.     Paragraphs 1-49 are incorporated herein as set forth above.

51.     Upon information and belief, Sandoz filed ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the '560 patent.

52.     Sandoz's Notice Letters state that Sandoz filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '560 patent are invalid, unenforceable and/or will not be infringed.

53.     Upon information and belief, in its ANDA No. 219888, Sandoz has represented to the FDA that Sandoz's ANDA Product is pharmaceutically and therapeutically equivalent to RYZUMVI™.

54.     Sandoz has actual knowledge of the '560 patent, as evidenced by Sandoz's Notice Letters.

55.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '560 patent by submitting, or causing to be submitted, to the FDA ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell or sell Sandoz's ANDA Product before the expiration date of the '560 patent.

56.     Upon information and belief, if ANDA No. 219888 is approved, Sandoz intends to and will manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States.

57.     Upon information and belief, if ANDA No. 219888 is approved, Sandoz will directly or indirectly infringe one or more claims of the '560 patent under 35 U.S.C. § 271(a), (b), and/or (c)  by making, using, offering to sell, selling and/or importing Sandoz's ANDA Product, unless this Court orders that the effective date of any FDA approval of ANDA No. 219888 shall be no earlier than the expiration of the '560 patent and any additional periods of exclusivity.

58.     Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 219888 complained of herein were done by and for the benefit of Sandoz.

59.     Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

60.     Plaintiffs do not have an adequate remedy at law.

61.     This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '560 Patent

62.     Paragraphs 1-61 are incorporated herein as set forth above.

63.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

64.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

65.     Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's ANDA Product before the expiration date of the '560 patent, including Sandoz's submission of ANDA No. 219888.

66.    Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '560 patent under 35 U.S.C. § 271(a), (b), and/or (c).

67.    Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of sale, sale, and/or importation of Sandoz's ANDA Product will constitute infringement of at least one claim of the '560 patent under 35 U.S.C. § 271(a), (b), and/or (c).

## COUNT III FOR PATENT INFRINGEMENT

### Infringement of the '918 Patent Under 35 U.S.C. § 271(e)(2)

68.    Paragraphs 1-67 are incorporated herein as set forth above.

69.    Upon information and belief, Sandoz filed ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the '918 patent.

70.    Sandoz's Notice Letters state that Sandoz filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '918 patent are invalid, unenforceable and/or will not be infringed.

71.    Upon information and belief, in its ANDA No. 219888, Sandoz has represented to the FDA that Sandoz's ANDA Product is pharmaceutically and therapeutically equivalent to RYZUMVI™.

72.    Sandoz has actual knowledge of the '918 patent, as evidenced by Sandoz's Notice Letters.

73.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '918 patent by submitting, or causing to be submitted, to the FDA ANDA

No. 219888, seeking approval to manufacture, use, import, offer to sell or sell Sandoz's ANDA Product before the expiration date of the '918 patent.

74.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz intends to and will manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States.

75.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz will directly or indirectly infringe one or more claims of the '918 patent under 35 U.S.C. § 271(a), (b), and/or (c) by making, using, offering to sell, selling and/or importing Sandoz's ANDA Product, unless this Court orders that the effective date of any FDA approval of ANDA No. 219888 shall be no earlier than the expiration of the '918 patent and any additional periods of exclusivity.

76.    Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 219888 complained of herein were done by and for the benefit of Sandoz.

77.    Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

78.    Plaintiffs do not have an adequate remedy at law.

79.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT IV FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '918 Patent

80.    Paragraphs 1-79 are incorporated herein as set forth above.

81.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

82.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

83.     Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's ANDA Product before the expiration date of the '918 patent, including Sandoz's submission of ANDA No. 219888.

84.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '918 patent under 35 U.S.C. § 271(a), (b), and/or (c).

85.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of sale, sale, and/or importation of Sandoz's ANDA Product will constitute infringement of at least one claim of the '918 patent under 35 U.S.C. § 271(a), (b), and/or (c).

## COUNT V FOR PATENT INFRINGEMENT

### Infringement of the '829 Patent Under 35 U.S.C. § 271(e)(2)

86.     Paragraphs 1-85 are incorporated herein as set forth above.

87.     Upon information and belief, Sandoz filed ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the '829 patent.

88.     Sandoz's Notice Letters state that Sandoz filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '829 patent are invalid, unenforceable and/or will not be infringed.

89.     Upon information and belief, in its ANDA No. 219888, Sandoz has represented to the FDA that Sandoz's ANDA Product is pharmaceutically and therapeutically equivalent to RYZUMVI™.

90.     Sandoz has actual knowledge of the '829 patent, as evidenced by Sandoz's Notice Letters.

91.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '829 patent by submitting, or causing to be submitted, to the FDA ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell or sell Sandoz's ANDA Product before the expiration date of the '829 patent.

92.     Upon information and belief, if ANDA No. 219888 is approved, Sandoz intends to and will manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States.

93.     Upon information and belief, if ANDA No. 219888 is approved, Sandoz will directly or indirectly infringe one or more claims of the '829 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering to sell, selling and/or importing Sandoz's ANDA Product, unless this Court orders that the effective date of any FDA approval of ANDA No. 219888 shall be no earlier than the expiration of the '829 patent and any additional periods of exclusivity.

94.     Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 219888 complained of herein were done by and for the benefit of Sandoz.

95.     Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

96.     Plaintiffs do not have an adequate remedy at law.

97.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT VI FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '829 Patent

98.    Paragraphs 1-97 are incorporated herein as set forth above.

99.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

100.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

101.    Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's ANDA Product before the expiration date of the '829 patent, including Sandoz's submission of ANDA No. 219888.

102.    Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '829 patent under 35 U.S.C. § 271(a), (b), and/or (c).

103.    Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of sale, sale, and/or importation of Sandoz's ANDA Product will constitute infringement of at least one claim of the '829 patent under 35 U.S.C. § 271(a), (b), and/or (c).

## COUNT VII FOR PATENT INFRINGEMENT

### Infringement of the '261 Patent Under 35 U.S.C. § 271(e)(2)

104.    Paragraphs 1-103 are incorporated herein as set forth above.

105.    Upon information and belief, Sandoz filed ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the '261 patent.

106.    Sandoz's Notice Letters state that Sandoz filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '261 patent are invalid, unenforceable and/or will not be infringed.

107.    Upon information and belief, in its ANDA No. 219888, Sandoz has represented to the FDA that Sandoz's ANDA Product is pharmaceutically and therapeutically equivalent to RYZUMVI™.

108.    Sandoz has actual knowledge of the '261 patent, as evidenced by Sandoz's Notice Letters.

109.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '261 patent by submitting, or causing to be submitted, to the FDA ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell or sell Sandoz's ANDA Product before the expiration date of the '261 patent.

110.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz intends to and will manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States.

111.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz will directly or indirectly infringe one or more claims of the '261 patent under 35 U.S.C. § 271(a), (b), and/or (c) by making, using, offering to sell, selling and/or importing Sandoz's ANDA Product, unless this Court orders that the effective date of any FDA approval of ANDA No. 219888 shall be no earlier than the expiration of the '261 patent and any additional periods of exclusivity.

112.    Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 219888 complained of herein were done by and for the benefit of Sandoz.

113.    Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

114.    Plaintiffs do not have an adequate remedy at law.

115.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT VIII FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '261 Patent

116.    Paragraphs 1-115 are incorporated herein as set forth above.

117.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

118.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

119.    Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's ANDA Product before the expiration date of the '261 patent, including Sandoz's submission of ANDA No. 219888.

120.    Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '261 patent under 35 U.S.C. § 271(a), (b), and/or (c).

121.    Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of sale, sale, and/or importation of Sandoz's ANDA Product will constitute infringement of at least one claim of the '261 patent under 35 U.S.C. § 271(a), (b), and/or (c).

## COUNT IX FOR PATENT INFRINGEMENT

### Infringement of the '077 Patent Under 35 U.S.C. § 271(e)(2)

122.    Paragraphs 1-121 are incorporated herein as set forth above.

123.    Upon information and belief, Sandoz filed ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the '077 patent.

124.    Sandoz's Notice Letters state that Sandoz filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '077 patent are invalid, unenforceable and/or will not be infringed.

125.    Upon information and belief, in its ANDA No. 219888, Sandoz has represented to the FDA that Sandoz's ANDA Product is pharmaceutically and therapeutically equivalent to RYZUMVI™.

126.    Sandoz has actual knowledge of the '077 patent, as evidenced by Sandoz's Notice Letters.

127.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '077 patent by submitting, or causing to be submitted, to the FDA ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell or sell Sandoz's ANDA Product before the expiration date of the '077 patent.

128.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz intends to and will manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States.

129.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz will directly or indirectly infringe one or more claims of the '077 patent under 35 U.S.C. § 271(a), (b), and/or (c) by making, using, offering to sell, selling and/or importing Sandoz's ANDA Product, unless this Court orders that the effective date of any FDA approval of ANDA No. 219888 shall be no earlier than the expiration of the '077 patent and any additional periods of exclusivity.

130.    Upon information and belief, Sandoz knows, should know and intends that others will prescribe and/or use Sandoz's ANDA Product for which approval is sought in ANDA No. 219888, and therefore will infringe at least one claim of the '077 patent.

131.    Upon information and belief, Sandoz has knowledge of the '077 patent and, by its proposed package insert for Sandoz's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '077 patent, either literally or under the doctrine of equivalents.

132.    Upon information and belief, Sandoz is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Sandoz's ANDA Product according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '077 patent.

133.    Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 219888 complained of herein were done by and for the benefit of Sandoz.

134.    Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

135.    Plaintiffs do not have an adequate remedy at law.

136. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT X FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '077 Patent

137. Paragraphs 1-136 are incorporated herein as set forth above.

138. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

139. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

140. Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's ANDA Product before the expiration date of the '077 patent, including Sandoz's submission of ANDA No. 219888.

141. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '077 patent under 35 U.S.C. § 271(a), (b), and/or (c).

142. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of sale, sale, and/or importation of Sandoz's ANDA Product will constitute infringement of at least one claim of the '077 patent under at least 35 U.S.C. § 271(a), (b), and/or (c).

## COUNT XI FOR PATENT INFRINGEMENT

### Infringement of the '858 Patent Under 35 U.S.C. § 271(e)(2)

143. Paragraphs 1-142 are incorporated herein as set forth above.

144.    Upon information and belief, Sandoz filed ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the '858 patent.

145.    Sandoz's Notice Letters state that Sandoz filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '858 patent are invalid, unenforceable and/or will not be infringed.

146.    Upon information and belief, in its ANDA No. 219888, Sandoz has represented to the FDA that Sandoz's ANDA Product is pharmaceutically and therapeutically equivalent to RYZUMVI™.

147.    Sandoz has actual knowledge of the '858 patent, as evidenced by Sandoz's Notice Letters.

148.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '858 patent by submitting, or causing to be submitted, to the FDA ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell or sell Sandoz's ANDA Product before the expiration date of the '858 patent.

149.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz intends to and will manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States.

150.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz will directly or indirectly infringe one or more claims of the '858 patent under 35 U.S.C. § 271(a), (b), and/or (c) by making, using, offering to sell, selling and/or importing Sandoz's ANDA Product, unless this Court orders that the effective date of any FDA approval of ANDA No. 219888 shall be no earlier than the expiration of the '858 patent and any additional periods of exclusivity.

151.    Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 219888 complained of herein were done by and for the benefit of Sandoz.

152.    Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

153.    Plaintiffs do not have an adequate remedy at law.

154.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

<u>**COUNT XII FOR PATENT INFRINGEMENT**</u>

**Declaratory Judgment of Infringement of the '858 Patent**

155.    Paragraphs 1-154 are incorporated herein as set forth above.

156.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

157.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

158.    Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's ANDA Product before the expiration date of the '858 patent, including Sandoz's submission of ANDA No. 219888.

159.    Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '858 patent under 35 U.S.C. § 271(a), (b), and/or (c).

160. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of sale, sale, and/or importation of Sandoz's ANDA Product will constitute infringement of at least one claim of the '858 patent under 35 U.S.C. § 271(a), (b), and/or (c).

## COUNT XIII FOR PATENT INFRINGEMENT

### Infringement of the '615 Patent Under 35 U.S.C. § 271(e)(2)

161. Paragraphs 1-160 are incorporated herein as set forth above.

162. Upon information and belief, Sandoz filed ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the '615 patent.

163. Upon information and belief, Sandoz has actual knowledge of the '615 patent, at least because the '615 patent is listed in the Orange Book for RYZUMVI™ and is publicly available.

164. Upon information and belief, Sandoz intends to engage in the commercial manufacturing, use, offer for sale, sale, marketing, distributing and/or importation of Sandoz's ANDA Product prior to the expiration of the '615 patent.

165. Upon information and belief, in its ANDA No. 219888, Sandoz has represented to the FDA that Sandoz's ANDA Product is pharmaceutically and therapeutically equivalent to RYZUMVI™.

166. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '615 patent by submitting, or causing to be submitted, to the FDA ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell or sell Sandoz's ANDA Product before the expiration date of the '615 patent.

167.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz intends to and will manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States.

168.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz will directly or indirectly infringe one or more claims of the '615 patent under 35 U.S.C. § 271(a), (b), and/or (c) by making, using, offering to sell, selling and/or importing Sandoz's ANDA Product, unless this Court orders that the effective date of any FDA approval of ANDA No. 219888 shall be no earlier than the expiration of the '615 patent and any additional periods of exclusivity.

169.    Upon information and belief, Sandoz knows, should know and intends that others will prescribe and/or use Sandoz's ANDA Product for which approval is sought in ANDA No. 219888, and therefore will infringe at least one claim of the '615 patent.

170.    Upon information and belief, Sandoz has knowledge of the '615 patent and, by its proposed package insert for Sandoz's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '615 patent, either literally or under the doctrine of equivalents.

171.    Upon information and belief, Sandoz is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Sandoz's ANDA Product according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '615 patent.

172.    Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 219888 complained of herein were done by and for the benefit of Sandoz.

173.    Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

174.    Plaintiffs do not have an adequate remedy at law.

175.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XIV FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '615 Patent

176.    Paragraphs 1-175 are incorporated herein as set forth above.

177.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

178.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

179.    Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's ANDA Product before the expiration date of the '615 patent, including Sandoz's submission of ANDA No. 219888.

180.    Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '615 patent under 35 U.S.C. § 271(a), (b), and/or (c).

181.    Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of sale, sale, and/or importation of Sandoz's ANDA Product will constitute infringement of at least one claim of the '615 patent under 35 U.S.C. § 271(a), (b), and/or (c).

## COUNT XV FOR PATENT INFRINGEMENT

### Infringement of the '616 Patent Under 35 U.S.C. § 271(e)(2)

182.    Paragraphs 1-181 are incorporated herein as set forth above.

183.    Upon information and belief, Sandoz filed ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the '616 patent.

184.    Upon information and belief, Sandoz has actual knowledge of the '616 patent, at least because the '616 patent is listed in the Orange Book for RYZUMVI™ and is publicly available.

185.    Upon information and belief, Sandoz intends to engage in the commercial manufacturing, use, offer for sale, sale, marketing, distributing and/or importation of Sandoz's ANDA Product prior to the expiration of the '616 patent.

186.    Upon information and belief, in its ANDA No. 219888, Sandoz has represented to the FDA that Sandoz's ANDA Product is pharmaceutically and therapeutically equivalent to RYZUMVI™.

187.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '616 patent by submitting, or causing to be submitted, to the FDA ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell or sell Sandoz's ANDA Product before the expiration date of the '616 patent.

188.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz intends to and will manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States.

189.    Upon information and belief, if ANDA No. 219888 is approved, Sandoz will directly or indirectly infringe one or more claims of the '616 patent under 35 U.S.C. § 271(a), (b),

and/or (c)  by making, using, offering to sell, selling and/or importing Sandoz's ANDA Product, unless this Court orders that the effective date of any FDA approval of ANDA No. 219888 shall be no earlier than the expiration of the '616 patent and any additional periods of exclusivity.

190.    Upon information and belief, Sandoz knows, should know and intends that others will prescribe and/or use Sandoz's ANDA Product for which approval is sought in ANDA No. 219888, and therefore will infringe at least one claim of the '616 patent.

191.    Upon information and belief, Sandoz has knowledge of the '616 patent and, by its proposed package insert for Sandoz's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '616 patent, either literally or under the doctrine of equivalents.

192.    Upon information and belief, Sandoz is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Sandoz's ANDA Product according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '616 patent.

193.    Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 219888 complained of herein were done by and for the benefit of Sandoz.

194.    Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

195.    Plaintiffs do not have an adequate remedy at law.

196.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XVI FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '616 Patent

197.    Paragraphs 1-196 are incorporated herein as set forth above.

198.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

199.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

200.    Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's ANDA Product before the expiration date of the '616 patent, including Sandoz's submission of ANDA No. 219888.

201.    Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '616 patent under 35 U.S.C. § 271(a), (b), and/or (c).

202.    Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of sale, sale, and/or importation of Sandoz's ANDA Product will constitute infringement of at least one claim of the '616 patent under 35 U.S.C. § 271(a), (b), and/or (c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant on the claims set forth above and respectfully request that this Court:

A.    Enter judgment that, under 35 U.S.C. § 271(e)(2), Sandoz has infringed at least one claim of each of the patents-in-suit through Sandoz's submission of ANDA No. 219888 to the

FDA seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the patents-in-suit;

B.    Order that the effective date of any approval by the FDA of Sandoz's ANDA Product shall be no earlier than the expiration date of the patents-in-suit and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

C.    Enjoin Sandoz and all persons acting in concert with Sandoz from manufacturing, using, offering for sale, or selling Sandoz's ANDA Product within the United States, or importing Sandoz's ANDA Product into the United States, until the expiration of the patents-in-suit, including any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(B);

D.    Enter judgment declaring that Sandoz's commercial manufacture, use, offer for sale, or sale in the United States or importation into the United States, of Sandoz's ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the patents-in-suit by Sandoz under one or more of 35 U.S.C. § 271(a), (b), and (c);

E.    Enter judgment declaring that the patents-in-suit remain valid and enforceable;

F.    Enter judgment declaring that Sandoz's acts render this case an exceptional case and award Plaintiffs their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

G.    Award Plaintiffs their costs, expenses and disbursements in this action;

H.    Award Plaintiffs any further appropriate relief under 35 U.S.C. § 271(e)(4); and

I.    Award Plaintiffs any further and additional relief that this Court deems just and proper.

Dated:  March 14, 2025                    **DUANE MORRIS LLP**

                              By:  _____*s/ Sarah Fehm Stewart*_____
                                   Sarah Fehm Stewart, Esq.
                                   200 Campus Drive, Suite 300
                                   Florham Park, New Jersey 07932
                                   Tel: (973) 424-2061
                                   Fax: (973) 556-1464
                                   Email: sfstewart@duanemorris.com

                                   *Attorneys for Plaintiffs*


*Of Counsel:*

Deepro R. Mukerjee
Lance A. Soderstrom
**KATTEN MUCHIN ROSENMAN LLP**
50 Rockefeller Plaza
New York, NY 10020
(212) 940-8800
deepro.mukerjee@katten.com
lance.soderstrom@katten.com

Christopher B. Ferenc
**KATTEN MUCHIN ROSENMAN LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 625-3500
christopher.ferenc@katten.com

Jillian M. Schurr
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl Street, Suite 1100
Dallas, TX 75201
(214) 765-3600
jillian.schurr@katten.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>**

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2 and in compliance with 28 U.S.C. § 1746, that with respect to the matter in controversy, Plaintiffs are not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated:  March 14, 2025                      **DUANE MORRIS LLP**

By: _____*s/ Sarah Fehm Stewart*_____
Sarah Fehm Stewart, Esq.
200 Campus Drive, Suite 300
Florham Park, New Jersey 07932
Tel: (973) 424-2061
Fax: (973) 556-1464
Email: sfstewart@duanemorris.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1</u>

The undersigned hereby certifies, pursuant to Local Civil Rule 201.1, that the relief

sought herein does not solely consist of monetary damages and therefore this matter is not

appropriate for compulsory arbitration.

Dated:  March 14, 2025                    **DUANE MORRIS LLP**

By:   *s/ Sarah Fehm Stewart*
Sarah Fehm Stewart, Esq.
200 Campus Drive, Suite 300
Florham Park, New Jersey 07932
Tel: (973) 424-2061
Fax: (973) 556-1464
Email: sfstewart@duanemorris.com

*Attorneys for Plaintiffs*